IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERVEY MORENO-GONZALES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. EP-15-CV-00312-ATB |
| | § | (by consent) |
| REX W. TILLERSON, | § | |
|     Defendant. | § | |

## FINDINGS OF FACT & CONCLUSIONS OF LAW

On January 29, 2018, the Court commenced a Bench Trial in the above-styled and numbered cause. Having duly considered the parties' pleadings, the witness testimony, and exhibits, the Court now enters its Findings of Fact and Conclusions of Law.

**I.     Procedural Background**

On October 26, 2015, Plaintiff filed the instant suit seeking a declaration pursuant to 8 U.S.C. § 1503(a) that he is a United States citizen, and therefore, entitled to the rights and privileges of citizenship, including a United States passport.[1] (ECF. No. 1). No Motions to Dismiss or Motions for Summary Judgment were filed.

After numerous continuances and scheduling orders, the Court held the Bench Trial in the above-styled and numbered cause on January 29, 2018. (*See* ECF. No. 50). During the trial, all the parties' exhibits were admitted by stipulation. Moreover, the following individuals testified for Plaintiff: (1) Ervey Moreno-Gonzalez (Plaintiff); (2) Maria Antonia Moreno (Plaintiff's Aunt); and (3) Christin Manuel Moreno (Plaintiff's Uncle).

---

[1] Although Plaintiff references various other statutes in the jurisdiction section of his complaint, his cause of action arises solely under 8 U.S.C. § 1503(a). (ECF. No. 1, p. 3, 15). Accordingly, the Court will only address Plaintiff's claim arising from 8 U.S.C. § 1503(a).

EP-15-CV-00312-ATB                        1

Having considered the above evidence and witness testimony, the Court now enters its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)(1).[2]

## II. Jurisdiction

The Court has jurisdiction under 28 U.S.C § 1331 and 8 U.S.C. § 1503(a), and following the parties' consent to Magistrate Judge jurisdiction, the Court is empowered to enter a final disposition pursuant to 28 U.S.C § 636(c)(1) and Local Rule CV-72.

## III. Findings of Fact

With respect to the stipulated facts between the parties, the Court **ACCEPTS** the parties' Stipulated Facts (ECF. Nos. 42, 49) and **ENTERS** the following Findings of Fact:

1. Plaintiff was born on January 4, 1981.

2. Plaintiff has a Texas birth certificate that indicates he was born on January 4, 1981, in Odessa, Texas. This document was registered on July 17, 1986, more than five years after his alleged date of birth in Texas.

3. Plaintiff has a Mexican birth certificate that indicates he was born on January 4, 1981, in Ojinaga, Chihuahua, Mexico. The date of registration is January 13, 1981, nine days after Plaintiff's birth.

4. The Immigration Judge, in a February 7, 2013 Order, granted Plaintiff's Motion to Terminate Removal Proceedings.

5. Plaintiff has a Mexican CURP card issued in July 2000 indicating that he was born in Mexico.

6. On October 11, 2012, the Texas Department of State Health Services ordered that Plaintiff be issued a certified copy of his Texas birth certificate.

---

[2] To the extent that any finding of fact is more aptly characterized as a conclusion of law, or any conclusion of law is more aptly characterized as a finding of fact, the Court adopts it as such.

With respect to the non-stipulated facts, the Court **ENTERS** the following Findings of Fact:

7. Prior to Plaintiff's birth, on or about December 31, 1980, Maria Antonia Moreno and other non-testifying family members traveled from their residences in Nebraska to Odessa, Texas, for Plaintiff's birth. Days later, Christin Manuel Moreno also traveled from Nebraska to Odessa, Texas.

8. Maria Antonia Moreno witnessed Plaintiff's mother (Bertha Moreno) pregnant days before she gave birth in Odessa, Texas. She also observed the midwife who was to deliver Plaintiff.

9. Maria Antonia Moreno did not reside with Bertha Moreno during her delivery of Plaintiff, but rather, stayed in lodging close by.

10. Both Maria Antonia Moreno and Christin Manuel Moreno observed Plaintiff as a newborn within one to two days after Plaintiff's birth in Odessa, Texas.

11. Subsequently, Plaintiff was baptized on May 9, 1982, at the Saint Anthony Parish in Odessa, Texas.

12. Bertha Moreno's other children, Sergio Lorenzo Gonzales and Elizabeth Lopez, have birth certificates indicating birth in New Mexico in 1983 and in Texas in 1990, respectively.

13. Throughout her life, Bertha Moreno informed Plaintiff that he was born in Odessa, Texas. She never made a statement to the contrary.

14. No testifying individual possesses any knowledge regarding the origin of Plaintiff's Mexican Birth Certificate.

15. Plaintiff was born in Odessa, Texas, within the United States of America, on January 4, 1981.

IV. **Conclusions of Law**

Pursuant to 8 U.S.C. § 1503:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department . . . upon the ground that he is not a national of the United States, such person may institute an action . . . for a judgment declaring him to be a national of the United States . . . .

8 U.S.C. § 1503(a). A suit under § 1503 is a *de novo* determination regarding Plaintiff's status as a United States citizen, rather than a review of an agency determination. *Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir. 1985); *see also Reyes v. Neely*, 264 F.2d 673, 674 (5th Cir. 1959) (noting that review under §1503 is *de novo*).

There are only two sources of citizenship: "birth and naturalization." *Miller v. Albright*, 523 U.S. 420, 423 (1998) (citation omitted). The former is guaranteed by the Fourteenth Amendment and the latter is provided by Acts of Congress. *Id.*; *see* U.S. Const. Amend. XIV. Because Plaintiff claims birth within the United States, Plaintiff bears the burden of establishing, by a preponderance of the evidence, that he was born in the United States. *Cobos v. Kerry*, 2015 U.S. Dist. LEXIS 84519, at *17 (S.D. Tex. 2015); *see also Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006). The Court must resolve "all doubts 'in favor of the United States and against' those seeking citizenship." *Bustamante-Barrera*, 447 F.3d at 395. The court may not grant citizenship out of equity or in the interests of justice. *See INS v. Pangilinan*, 486 U.S. 875, 883-84 (1988).

Regarding evidentiary determinations, "[t]here is no specific list of documents [that plaintiff] must use or may use. He must simply demonstrate by a preponderance of the evidence

that he was born in the United States." *De La Cruz v. Clinton*, 2012 U.S. Dist. LEXIS 73882, at *7 (W.D. Tex. 2012) (citing *Rivera v. Albright*, 2000 U.S. Dist. LEXIS 19397, at *3 (N.D. Ill. 2000)). Typically, a contemporaneously filed birth certificate, whether domestic or foreign, creates a "presumption" of birth in that jurisdiction. *Pena-Sanchez v. Clinton*, 2013 U.S. Dist. LEXIS 188130, at *5-6 (S.D. Tex. 2013) (collecting cases). Conversely, the longer the delay of a birth certificate, the less evidentiary weight Courts typically afford it. *See id*.

Lastly, Courts generally take the testimony of the Plaintiff and interested relatives with "a grain of salt." *See Patel v. Rice*, 403 F. Supp. 2d 560, 565 (N.D. Tex. 2005); *De Vargas v. Brownell*, 251 F.2d 869, 871 (5th Cir. 1958). Nonetheless, the Court, acting as factfinder, is entitled to make credibility determinations and weigh the evidence. *See generally*, *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015); *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 295 (5th Cir. 2009).

The testimony and evidence, particularly the testimony of Maria Antonia Moreno and Christin Manuel Moreno and strong circumstantial evidence, indicate that the two individuals were present immediately following Plaintiff's birth in Odessa, Texas. While the Court has taken their testimony with a "grain of salt," the Court is also aware that family members are often the only witnesses to an at-home birth. Both individuals consistently remembered relevant details regarding their trip to Odessa and Plaintiff's family apartment in Odessa. The testimony of these individuals was coherent, facially plausible, and not contradicted by extrinsic evidence. Having observed the demeanor of the witnesses at trial and considered the other evidence of record, the Court concludes that their testimony is credible.[3]

---

[3] While Defendant noted that Christin Manuel Moreno was inconsistent with his prior testimony regarding the whereabouts of Plaintiff's father, the Court considers this a corollary issue, and given the multitude of other corroborated facts, the Court considers the remainder of his testimony credible.

Bertha Moreno's statements to Plaintiff that he was born in the United States are also probative. *See Ramirez v. Clinton*, 2011 U.S. Dist. LEXIS 77941, at *12 (D. Minn. 2011); Fed. R. Evid. 804(4). Bertha Moreno and other members of Plaintiff's family have consistently maintained that he was born in Odessa. In essence, there have never been any contradictory statements or testimony by Plaintiff or his family regarding the location of his birth. Accordingly, the Court finds these statements probative.

Moreover, neither Plaintiff nor any testifying individual possesses knowledge regarding the origin of the Mexican Birth Certificate. Lastly, other strong circumstantial evidence, in particular Plaintiff's baptism in Odessa and the whereabouts of the family following Plaintiff's birth, as evidenced by the birth certificates of Sergio Lorenzo Gonzales and Elizabeth Lopez, also serves to support Plaintiff's claim of birth in Odessa.

Accordingly, based on the entirety of the evidence, the Court finds that Plaintiff has overcome any presumption of foreign birth and satisfied his burden of establishing, by a preponderance of the evidence, that he was born in Odessa, Texas. Plaintiff is therefore a citizen of the United States.

## V. Conclusion

Based on the foregoing, the Court concludes that Plaintiff Ervey Moreno-Gonzales has satisfied his burden of proof by a preponderance of the evidence. He is a citizen by virtue of birth. On the record before the Court, he is entitled to a United States passport.

A final declaratory judgment shall issue forthwith.

**SIGNED** and **ENTERED** this 14th day of February, 2018.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**